UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN MARTIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-CV-396 RWS |
| | ) |
| O'FALLON MODERN | ) |
| DENTISTRY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

*Pro se* plaintiff Shawn Martin brings this suit for employment discrimination under Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Equal Pay Act. This matter is now before the Court upon plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of fees. Having reviewed plaintiff's motion and financial affidavit, the Court finds that plaintiff lacks sufficient funds to pay the filing fee. Plaintiff's motion will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915(a). However, for the reasons discussed below, the Court finds that the complaint fails to state a claim upon which relief can be granted and will therefore dismiss the complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2).

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

**The Complaint**

Plaintiff brings this action for employment discrimination against two defendants: his previous employer, O'Fallon Modern Dentistry, and its parent company, Pacific Dental Services. Plaintiff, who was born in 1972, alleges that defendants discriminated against him based on his age during the period of December 2015 to April 6, 2018. According to plaintiff's complaint, defendants' discriminatory conduct included termination from employment, retaliation, and harassment. Plaintiff describes the circumstances as follows.

Plaintiff was terminated from his employment with O'Fallon Modern Dentistry on April 6, 2018, by regional manager Katie Orschlen, with Dr. David King present. Plaintiff "believe[s]"

that his termination was "under the direct direction of Simon Abrahms,"[1] a regional partner at O'Fallon Dentistry. ECF No. 1 at 6. According to plaintiff, Abrahms had previously complained about plaintiff's "lack of treatment primary crowns not done" and about plaintiff's dental assistants. Plaintiff alleges that Abrahms told him numerous times in front of other employees to fire the lead dental assistant because she was making too much money and she "wasn't making the doctors produce more treatment." *Id.* at 6-7. Abrahms also made statements about doctors of certain races and national origins not being "good fits" in certain office locations. *Id.* at 7.

In a mid-2017 closed-door meeting with Abrahms and former regional manager, Nick Dillard, plaintiff expressed to Abrahms "how hard [Abrahms] made it working at O'Fallon Modern Dentistry." *Id.* Plaintiff also spoke with Dr. David King in early 2018 about his concerns. Dr. King had started at O'Fallon Modern Dentistry in June 2017 and he was an "owner doctor." *Id.* Dr. King informed plaintiff that he told Abrahms and Orschlen that plaintiff "was the right person for the job" and that plaintiff "could lead the office into the future." *Id.*

Plaintiff alleges that he was told by Dillard that his termination was at the direction of Abrahms. *Id.* at 5. Approximately two months prior to plaintiff's termination, Dillard had a meeting with Abrahms in which the two decided that Dillard should give his two weeks' notice of resignation. Plaintiff alleges that Dillard informed him that during this meeting, Abrahms told him that he did not like plaintiff and that plaintiff needed to find another job. Abrahms said that the new regional manager "would be a 'Yes' manager and would follow Simon [Abrahms'] direction." *Id.* at 6. Orschlen started as the new regional manager on March 8, 2018. Plaintiff states that he worked under her supervision for twenty-one business days – five of which he took as vacation days – before Orschlen terminated his employment.

---

[1] Plaintiff's complaint and his charge of discrimination contain different spelling for the last name of regional partner Simon Abrahms. *See* ECF No. 1 at 5, 1-1 at 3. The Court will use the spelling from plaintiff's complaint.

Plaintiff asserts that he filed a charge of discrimination with the EEOC in October 2018, however, the charge of discrimination documents attached to the complaint indicate that plaintiff signed them on November 30, 2018. *See* ECF Nos. 1 at 3, 1-1 at 3, 5. On those documents, plaintiff specified the time period for the alleged discrimination as being between "04-06-2018" and "04-06-2018." ECF No. 1-1 at 3. In the particulars of the charge, plaintiff explains that he was hired by defendants as an office manager around October 8, 2015, and then terminated by Orschlen and Dr. King on April 6, 2018. He was told at the time of termination that "his services were no longer required." *Id.* Plaintiff alleges that, prior to his termination, regional partner Abrahms had been overheard "discussing about employees who make to[o] much [money], and [that] those employees should be fired." *Id.* Plaintiff believes that at the time of his termination, he was the oldest and highest paid office manager within the regional area supervised by Abrahms. Based on this belief, plaintiff alleges that he was discharged because of his age.

On December 4, 2018, plaintiff received a right-to-sue letter from the EEOC, which he also attached to the complaint. ECF No. 1-1 at 1-2. Plaintiff filed this suit on March 1, 2019, seeking an unspecified amount of monetary relief.

**Discussion**

Plaintiff's claims of employment discrimination based on termination, retaliation, and harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621, *et seq.*; and the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d)(1), lack any factual support and will be dismissed under 28 U.S.C. § 1915(e)(2).

Plaintiff indicates on the first page of his complaint that he is alleging employment discrimination based on Title VII, which makes it unlawful for an employer to discriminate against an individual because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2.

However, none of plaintiff's allegations, even if accepted as true, are sufficient to state a claim that plaintiff was discriminated against based on any of these characteristics. There is only one statement in the complaint even mentioning race and national origin, and it was not a statement made about plaintiff. *See* ECF No. 1 at 7. Plaintiff never details any disparate treatment and the complaint is void of any allegations that similarly situated employees of a different race, color, religion, gender, or national origin were treated more favorably. In fact, plaintiff never even specifies his own race, color, religion, or national origin. For these reasons, the complaint fails to state a claim based on Title VII.

The ADEA prohibits employers from discriminating against individuals who are forty years or older, because of their age. 29 U.S.C. §§ 623, 631. In order to establish a prima facie case under the ADEA, a plaintiff must show: (1) he is over forty; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). Plaintiff, who was born in 1972, began working at O'Fallon Dentistry around October 2015 and was therefore over the age of forty at all times during his employment. Plaintiff suffered an adverse employment action of termination on April 6, 2018, and at this stage in the litigation, the Court has no reason to believe that plaintiff was not qualified for his position.

However, as for the fourth requirement of a prima facie ADEA case, plaintiff does not specify the age of the individual who replaced him. Plaintiff does not even mention the age of any other similarly situated employees, except to say that he believes that he was the oldest office manager in his regional territory when he was terminated. But plaintiff provides no factual support for the allegation that his age was the reason for his termination. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (To assert an action under the ADEA, an employee must establish that his age was the "but-for" cause of the adverse employment action.).

Instead, plaintiff describes statements by Abrahms about firing employees who made "to[o] much money." ECF Nos. 1 at 6, 1-1 at 3. Plaintiff believes that he was the highest paid office manager in his regional territory when he was terminated. Plaintiff wants the Court to infer that he was terminated due to his age and not because of his high pay – or that his high pay is a direct function of his age and therefore he would not have been terminated "but-for" his age. However, the ADEA does not make cost-saving terminations illegal and there is no evidence that plaintiff's pay rate is directly related to his age. Plaintiff does not provide any evidence of a link between his age and his pay rate. Plaintiff does not allege that he was treated differently than any similarly paid employee who was not over the age of forty. Nor does he allege any pattern of older employees being replaced by younger ones. In addition, there are no factual allegations that Abrahms, or any of defendants' other employees, made any comments about or even considered plaintiff's age when terminating him. There is simply no factual basis that creates an inference of age discrimination. Plaintiff's complaint fails to state a claim based on the ADEA.[2] *See also Thomure v. Phillips Furniture Co.*, 30 F.3d 1020, 1025 (8th Cir. 1994) (finding that remarks about eliminating the highest-paid employees to save money, were not evidence that age was a factor in a termination decision).

The EPA provides a cause of action for sex-based discrimination. *See, e.g., City of Los Angeles, Dep't of Water & Power v. Manhart*, 435 U.S. 702, 711–12 (1978) ("The Equal Pay Act requires employers to pay members of both sexes the same wages for equivalent work, except when the differential is pursuant to one of four specified exceptions."). In order to establish a

---

[2] The Court notes that plaintiff also alleged on his form complaint discriminatory conduct that included retaliation and harassment, in addition to termination. ECF No. 1 at 4. The ADEA does prohibit retaliation against employees who oppose any practices made unlawful by the statue, or who file charges or assert their rights under the statute. *See* 29 U.S.C. § 623(d). However, plaintiff's complaint does not contain any indication that he complained of discriminatory practices until after his termination, when he filed the EEOC charge. Plaintiff only mentions one meeting with Abrahms where plaintiff complained about "how hard [Abrahms] made it working at O'Fallon Modern Dentistry." ECF No. 1 at 7. Similarly, plaintiff's complaint contains no factual allegations supporting a claim of harassment based on his age.

prima facie case for a violation of the EPA, the plaintiff must show that "the employer (has paid) workers of one sex more than workers of the opposite sex for equal work." *Katz v. School Dist. of Clayton, Mo.*, 557 F.2d 153, 156 (8th Cir. 1977) (*quoting Corning Glass Works v. Brennan*, 417 U.S. 188, 196 (1974)). Plaintiff's complaint contains no allegations that sex-based discrimination is creating a disparity in pay by defendants. As a result, the complaint fails to state a claim under the Equal Pay Act. Therefore, because the Court concludes that plaintiff's complaint fails to state a claim for employment discrimination under Title VII, the ADEA, and the EPA, this case will be dismissed. *See* 28 U.S.C. § 1915(e)(2).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**. Pursuant to 28 U.S.C. § 1915(a), the filing fee is waived.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**, without prejudice.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of June, 2019.

                                                           RODNEY W. SIPPEL
                                                         UNITED STATES DISTRICT JUDGE